Cause No. # 3:14CV595-HTW-LRA

Dear Ms. Anderson (Hon. Judge)   3-23-2015

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 01 2015
BY _____ ARTHUR JOHNSTON
DEPUTY

This letter is being directed to your office containing certain information regarding what I intend to prove in trial. This is to give you a better understanding of what I was trying to explain on March 16, 2015, at the Omnibus hearing.

Mam, it's the duty of the state and county to protect me. I have the right to be free from assault. The law recognizes that, in general, people have the duty to not injure one another. When someone breaks that duty, that breach is called a "tort."

In this case, there was a breach of duty to protect, while on administrative lock-down.

Deputy Jonathan Brister excercised deliberate indifferences to my health and safety, by failing to protect me from an institution attack, while he was present on the Pod at the time the assault/attack occured. Whether Deputy Brister was the one saying "open cell 5502" is unknown, but what is known and can be proven, is that he authorized for my cell door to be opened because it was opened by Pod control, and not by the alternative Rod that opens the door from the ZONE. Therefore, the 3 inmates did not open my cell doors themselves.

Also, in this case, there was an act of negligent tort performed. Deputy Brister exercised deliberate indifferences to my health and safety by failing "immediately" to protect me from the attack by 3 unidentified inmates as soon as he knew it was occuring, nor did he request

for back up, or, report it transpired. Moreover, as a result of the deliberate indifferences exercised by the aforementioned defendant, I suffered serious harm at the hands of 3 inmates. I sustained multiple physical injuries; a broken/fractured jaw and nose, that required surgery. I also suffered extreme emotional distress of embarassment from incident.

Its evident that deputy Brister exercised Negligence and Breach of Duty to protect me during "ADMINISTRATIVE LOCKDOWN" where there should be no inmate moving unless AUTHORIZED or ESCORTED IN RESTRAINTS by Officials, ESPECIALLY the Housing deputy, as well as any cell doors open only by them, as well.

The inmates gained entry into my cell by my cell decking opening after someone said open cell 5502. Deputy Brister was standing outside my cell between my cell, 5502 and cell 5501, he was seen by witnesses, When my cell door opened and the inmates entered and attacked me. I seen him leaving out the zone when I made it to my door and looked out after the assault.

Therefore, I should be awarded compensatory and punitive damages for the physical and emotional injuries sustained as a result of this plaintiff's beating/assault. Or any other relief that you may deem just and appropriate. Your Honor, I pray that you consider the facts that I have presented to you and conclude in plaintiff's favor. Thank You and God Bless!

Respectfully Submitted
Plaintiff: LeTony G. Carter

Additional Information:

I informed you that after seeing the Warden pertaining to the grievance that I had filed relating to the assault and conduct of this deputy. I was released several days later. However, this release was not authorized by the Warden. I was released through a <u>medical release</u> due to my condition and minor reason I was incarcerated. I have all records to show that the judge signed off on a <u>medical release</u>. Thank you in advance for your consideration in this most sensitive matter.

Respectfully Submitted

LeTony R. Carter



Re: Tony J. Carter #26720 AKA Hutcherson Carter
1450 County Farm Rd. cell C3/5509
Raymond Ms 39154

RECEIVED
MAR 31 2015
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISS.

Hon. Judge Linda R. Anderson
U.S. District Court Southern
District
501 E. Court St. Suite 2500